UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**FILED**

AUG 12 2022

U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

GREG GIVENS                          )

dba/AMERICAN ENTERPRISE              ) Case No: 5:22-CV-193
ACQUISITIONS, LLC                    )

P.O. BOX 117                         ) Judge: Bailey

BELLAIRE, OH 43906,                  ) Magistrate: Mazzone

       Plaintiff,                    )

   vs.                              ) COMPLAINT FOR DAMAGES

JOHN LONGWELL                        )

901 WARWOOD AVENUE                   ) FEDERAL QUESTION

WHEELING, WV 26003,                  ) DIVERSITY ACTION

                 ) CLAIM

H.E. NEUMANN CO. /                   )

JOHN D. LONGWELL                     )

100 MIDDLE CREEK ROAD                )

TRIADELPHIA, WV 26059                )

      Defendant(s).                 )
                 )

## FEDERAL COMPLAINT

## NATURE OF ACTION

    1. This is a federal-question and diversity action under Federal statutes, and common law claims under West Virginia law.  Plaintiff asserts claims against JOHN LONGWELL, and H.E. NEUMANN CO., for fraud, intent to destroy interstate commerce, tortious interference with breach of contract, federal contract, misappropriation, economic duress and malice.  And federal-question and diversity action involving claims under the Lanham Act, 15 U.S.C. § 1125, and that which may arise under other appropriate federal statutes.

2. Defendant JOHN LONGWELL ("LONGWELL"), and H.E. NEUMANN / JOHN D. LONGWELL ("NEUMANN") have committed wanton acts which interfere with Plaintiff's interstate contracts, and business relations, and with the Federal government, and in doing so has falsely and fraudulently taken from Plaintiff, and committed wanton acts associated against the Plaintiff, and done so with clear will, intent, and malice, regulated under Federal law.

## THE PARTIES

3. Plaintiff GIVENS is a operator of mechanical contracting, real property, general contracts and services, with his principal place of business in Ohio at: 3735 Highland Avenue. Shadyside, OH 43947, and whose mailing address is: P.O. Box 117, Bellaire, OH 43946.

4. JOHN LONGWELL, who address is registered and transacts business within this jurisdictional district and principal employ, has above in West Virginia, and conjugates at: 901 Warwood Avenue, Wheeling, WV 26003.

5. H.E. NEWMANN CO. / JOHN D. LONGWELL, transacts business is within this jurisdictional district and principal provider in commercial, industrial, and residential mechanical contracting services, AND has been in West Virginia, and is located at: 100 Middle Creek Road, Triadelphia, WV 26059.

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction in this Action pursuant to 28 U.S.C. §§ 1331, 1332, and 1367. The Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's assert claims that arise under the laws of the United States, namely, the

Lanham Act,15 U.S.C. § 1125. The Court has supplemental jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to Plaintiffs' federal-question claims that they form part of the same case and/or controversy.

7. The Court also has subject matter jurisdiction in this action pursuant to 28 U.S.C. § 1332(a)(1) because the Plaintiff Greg Givens, and Defendant JOHN LONGWELL and H.E. NEUMANN CO. / JOHN D. LONGWELL, are persons of different States and more than $75,000 is in controversy. LONGWELL, NEUMANN acts interfere with and jeopardize Plaintiff's federal agreements with the United States government, from which Plaintiff's earnings sit within excess of contract, and common law misappropriation.

8. This Action is brought for damages and other appropriate statutory relief, under diversity, Federal Question, in addition to other appropriate relief under this Court's jurisdiction, including adverse possession.

9. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b)(2), as a substantial part of the events giving rise to Plaintiff's claims occurred in Wheeling, West Virginia, and within this judicial district.

FACTS COMMON TO ALL COUNTS

10. Plaintiff doing business in Ohio and West Virginia, features a diverse range of products and services regulated under federal law, affected by the acts or omissions of the Defendants, of a diversity state.

11. Plaintiff's success in the marketplace is dependent, in part, on long-standing working relationships with individuals and interstate commercial business companies.  To this end, Plaintiff must ensure that his dealings comply with its partnering federal agencies' rules, contracts, licenses and restrictions.

12. Within a contractual framework, Plaintiff espouses a licensed business based in Ohio and West Virginia, within this Court's jurisdiction, selling licensed, contracting, heating and air conditioning products, intellectual properties and trademarked products and services, including federally-regulated vending and gaming machines, refrigeration, HVAC, heating and air handling services, import and export providing customers and consumers goods and services across interstate lines and in commerce.  By virtue of Plaintiff's trade, profession, and business, at all times pertinent hereto, Plaintiff is licensed and organized under the laws and regulations of the United States, doing business in states of Ohio and West Virginia, and federally-regulated interstate commerce as a vendor, distributor, perspective federal contractor, and business consultant regulated under federal credit, banking and lending laws. Plaintiff's business interests included high and low-income affordable housing and leasing for the blind and the elderly, in the acquisition of investment properties and real estate, regulated by interstate commerce.

13. Plaintiff was informed by two federal agents that, Plaintiff was in the final stage of success in his acceptance by third-parities, until the named Defendant directly, intentionally and unlawfully interfered.

14. Plaintiff entered into a lending relationship with three (3) federally-regulated national banks, including The Huntington National Bank of West Virginia, to borrow money from, so as to pursue federally-regulated wholesale and retail selling, distribution and wholesale business operations.

15. Over the course of the last twenty four month, or within the statute of limitations under common law, the Plaintiff alleges, the Defendant engaged in a series of wonton actions that include:

16. Defendants JOHN LONGWELL, NEUMANN ("Defendants"), TO WIT:

17. In June, Defendant JOHN LONGWELL, and representative H.E. NEUMANN CO., deliberately, and willingly interfered in Plaintiff's real estate investments with third-parties, and with intent against the Plaintiff and his business interests, with clear knowledge and malice to destroy the Plaintiff, including property damage, as Defendant JOHN LONGWELL of H.E. NEUMANN CO., seen Plaintiff as competition.

18. In late June AND July of 2022, Defendant JOHN LONGWELL, representative through H.E. NEUMANN CO. complicit, continually do physical damage to Plaintiff's property, to shut down Plaintiff's business, for Defendants' personal, commercial, material, and financial gain;

19. In July 2022, Defendants LONGWELL, NEUMANN, complicit, posing as Plaintiff, affecting Federally-regulated utility authorities, raided Plaintiff's business, and take-over of Plaintiff's ability to conduct interstate business, cut trees and limbs, shrubbery, past barriers around Plaintiff's business, and to discourage customers from

doing business with Plaintiff, taking the property of Plaintiff, including theft and tampering with security devices, locks, and damage to Plaintiff's property and possessions, with the will and intent to place Plaintiff in a compromising position and vulnerable to intrusion, and to ruin the Plaintiff;  Defendant JOHN LONGWELL, NEUMANN did damage to Plaintiff's property, cut, dumped, and placed tree limbs and obstacles for Plaintiff, and Plaintiff's customers to injure themselves and business associations, and incur further liability upon Plaintiff, for Defendants' personal, commercial, material, and financial gain;

20. In June of 2022, Defendants LONGWELL, NEUMANN, complicit, gained unauthorized access to trespass upon Plaintiff's business to break-in and take goods, and steal confidential Plaintiff information to use as an advantage to gain real property entitled to Plaintiff, for Defendants' personal, commercial, material, and financial gain;

21. In July 2022, Defendants were complicit, in taking federally-regulated securities from Plaintiff under the pretense of break-in, fraud and deception, and to financially benefit at Plaintiff's expense, for Defendants' personal, commercial, material, and financial gain;

22. In June and July of 2022, maintenance safety equipment was tampered with, then later stolen, by Defendants, complicit. later discovered by Plaintiff, again to seek advantage over Plaintiff as to do him harm, for Defendants' personal, commercial, material, and financial gain;

23. Over the course of the past several months, and earlier, Defendants LONGWELL, NEUMANN, complicit, meant to damage the

reputation of the Plaintiff, an to imply that he was "dead", "criminal", "mental", and "crazy.", wanting 'sympathy' from was otherwise Plaintiff customers, for Defendants' personal, commercial, material, and financial gain;

24. In July 2022, Defendants LONGWELL, NEUMANN, by fraud and deception gained unauthorized access to and into Plaintiff's records to access files, bank records, credit reports, and otherwise protected information under federal law, for Defendants personal, commercial, material, and financial gain;

25. Later in March Defendants LONGWELL, NEUMANN, hired persons to jump on, and to damage or otherwise steal, Plaintiff's vehicles and van used for business and commercial purposes, specifically for Defendants' personal, commercial, material, and financial gain, and to further stalk the Plaintiff, and his customers, and to further harass Plaintiff for his business, and sales campaign to damage the Plaintiff's personal and business reputation, for Defendants personal, commercial, material and financial gain;

26. In July and August of 2022, Defendants LONGWELL, NEUMANN, orchestrated a continual stalking and harassment with neighbors against the Plaintiff, with clear intent of public ridicule and scoffing of Plaintiff, the taking of Plaintiff's goods and services, and mockery of Plaintiff's scope in money, reputation and finance.

27. Defendants LONGWELL, NEUMANN, (collectively, "Defendants"), were neither a party to any of Plaintiff contracts and obligations, and have caused the Plaintiff to fail (both in it business and operations), and to satisfy its obligations in amounts exceeding federal jurisdiction in U.S.-backed investments).

28. In addition, and during the course of these events, and Defendants:

I.    On or about January 1, of 2021, and from February 1, 2022 to present, Plaintiff commenced a business relationship with a third-party, Huntington bank of West Virginia, other federally-regulated banking institutions, and the United States government, namely the U.S. government, which contemplated a $180,000. And a Contract to do business with Plaintiff, whereby Greg Givens had a reasonable expectation of economic gain of $389,000.00; and other contracts of in terms of profits, acquisitions, and real estate gain.

On or about June 1 – 30, 2019, and from February 1, 2018 to present, and it all times relevant to this action, the third party, Huntington bank of West Virginia, other federally-regulated banking institutions, and the United States government, namely the U.S. government, was an independent entity, unaffiliated with either Plaintiff or each Defendant.

II.   On or about June 1 – 30, 2022, prior to, and at present, during the time Greg Givens was negotiating with the third party, Huntington bank of West Virginia, other federally-regulated banking institutions, the United States  government, namely the U.S. government, in connection with the business relationship described in Sub-paragraph I.  Defendants began a course of conduct consisting of illegal break-ins of Greg Givens business and property, trespassing, surveillance, stalking, complicity and theft of documents, among other acts

and release of confidential sources and information, and interstate commerce trademark registration which was intended to disrupt Greg Givens' relationship with the third party, and invalidate the contract rights of the Plaintiff, interfere with valid and enforceable contracts between lease, vendor and another purchaser, and with debtor-creditor, and with a valid and enforceable contract, and which in fact did disrupt that relationship, and with malice. But for the Defendants' conduct, the Plaintiff would not have breached its contract with a third party.

III.  In engaging in the conduct described in Sub-paragraph II., Defendants wrongfully interfered with a business relationship between Greg Givens and a bona-fide third party, intended to impair or destroy Greg Givens as business relationship with the third party, Huntington bank of West Virginia, other federally-regulated banking institutions, and the United States government, as a result which Greg Givens suffers loss or impairment and thereby destroying Greg Givens reasonable expectancy of economic gain. Defendant engaged in the following interfering conduct with malice toward Greg Givens and a desire to injure Greg Givens economically, and with wantonness and disregard of Givens and his rights. Defendant's conduct was improper, unlawful, and unfair, in that it violate state and federal statutes, and Commercial codes, and involved a Restraint of trade, was defamatory, and damaging to Greg Givens.

IV.   The conduct engaged in by Defendants described in Sub-
       paragraph III. was the proximate cause of the loss or
       impairment of Greg Givens' business relationship with the
       third party, Huntington bank of West Virginia, other
       federally-regulated banking institutions, and the United
       States government, which resulted in Greg Givens' loss of the
       expectancy of economic gain.

V.    As a result of the impairment or loss of Greg Givens' business
       relationship with a third party, Huntington bank of West
       Virginia, other federally-regulated banking institutions, and
       the United States government, Greg Givens suffered a loss of
       the economic expectancy arising from that relationship,
       including damages in the form of pain and suffering,
       defamation and slander, economic loss, and accounting greater
       than $75,000.

VI.   Defendants, without legitimate purpose, were not justified or
       privileged to engage in the conduct described in Sub-
       paragraphs I-V, which resulted in the impairment or loss of
       Greg Givens business relationship with a third party,
       Huntington bank of West Virginia, other federally-regulated
       banking institutions, and the United States government.  Greg
       Givens suffered financial injury or pecuniary damages, and
       actual loss.

29. During the course of these events, Defendants LONGWELL, NEUMANN have mis-used confidential information against Plaintiff; utilized unethical conduct with schemes and fraud, mis-representation, intimidation, or molestation, and by means of restraint of trade, defamation against the Plaintiff, impugning trade, business or profession of the Plaintiff, and resulting in Plaintiff's injuries; and have affected borrowers and lenders, recouping costs, and mis-use of inside or confidential information affecting the Plaintiff to his injury.

30. With the intent to interfere, and for personal profit and gain, Defendants LONGWELL, NEUMANN, with cause and purpose and breach of Plaintiff's valid and enforceable contracts and to otherwise interfere with the Plaintiff's business and money-making processes. Defendants continue to discourage customers to do business with Plaintiff from Ohio and West Virginia to which those consumers intent to do business within the framework of federally protected activities, privileged actions, and confidential information (regulated by United States statute, and Congress).

31. All acts or omissions of the Defendants have taken place withing the last several months, or within the statute of limitations under common law.

32. In addition, and in the course of competition, the Defendants used fraud and deceit to gain access to Plantiff's property and equipment used in interstate commerce, such as commercial vehicles, and restricting access to businss by restrictive barriers, preventing customer access to Plaintiff, and Plaintiff facilities, for their own commercial profit and gain.

33. Defendants LONGWELL, NEUMANN continue this conduct unabated, and have taken steps to continue the bad conduct, and refuse to stop.

34. The Plaintiff alleges that the Defendants made false statements and promises to third-parties to gain access to Plaintiff information, physical and intellectual properties.  And revealing confidential and privileged information regulated by Congress directly causing interference with third parties, namely the federal government, and Congressionally-regulated banks and institutions under the laws of the United States.

35. With the intent to interfere with and cause breach of Plaintiff's valid and enforceable contracts and to otherwise interfere with malice against Plaintiff and his customers, his marketing processes, spreading malicious rumors with the public, and Plaintiff customers, and potential lessees, tenants, and supplying false information to said to third-parties, (making statements that falsely implicating the Plaintiff is "criminal" or crazy") to include (interactions with) the government and third-parities to contract, against the Plaintiff, knowing the statements were false at the time they were made, served and designed to induce third-party rebuke, and to view Plaintiff with rejection, aborhance, and distain to Plaintiff's injury{ies}, with disparaging falsehoods.


## COUNT I. - TORTIOUS INTERFERENCE WITH BUSINESS ADVANTAGE

### (AS TO ALL DEFENDANTS)

36. Plaintiff incorporates by reference Paragraphs 1. through 60., as if fully set forth herein.

37. The Defendant's conduct wrongfully and maliciously interfered with the ability of the Plaintiff to move forward with other opportunities for financing the operations of his business, as a direct and proximate result of Defendants LONGWELL, NEUMANN wrongful conduct described herein, Plaintiff has suffered and is entitled to recover from the Defendants, compensatory damages.

## COUNT II.  - BREACH OF CONTRACT

### (AS TO ALL DEFENDANTS)

38. Plaintiff incorporates by reference Paragraphs 1. through 60., as if fully set forth herein.

39. Plaintiff alleges their existence of an enforceable contract, of which Defendants LONGWELL, NEUMANN had full knowledge of, by evil means.

40. Defendants Plaintiff's federal contracts are valid and enforceable contracts. Plaintiff has also fulfilled all of its contractual obligations in the contracts with its customers, including the elderly, who would otherwise be vulnerable or open to the elements and homeless.

41. Defendants LONGWELL, NEUMANN had knowledge of Plaintiff's contract, including such Section relating to the lease and purchase of parcels, belonging to the Plaintiff.

42. Defendants LONGWELL, NEUMANN, intentionally interfered with Plaintiff's contracts with the blind, disable, and Plaintiff's customers, by inducing Plaintiff customers to engage in avoidance of

Plaintiff, his business, housing strategies, playbook, politicking, and marketing, and that which is expressly stated in contract Section relating to the lease and purchase of Parcels in Belmont county, Ohio, of the contract to Plaintiff's harm, damaging the Plaintiff.

43. LONGWELL, NEUMANN, intentional interference was done without justification, and with allegory defamation against the Plaintiff.

44. LONGWELL, NEUMANN conduct of discouraging Plaintiff marketing has induced Plaintiff customers to breach their contracts of sub-lease and sales upon the subsequent lease and purchase of Parcel, and fulfillment of Plaintiff distribution and retail consumer contracts and real estate sales.

45. As a result of these breaches, Plaintiff has suffered and will continue to suffer damage, including but not limited to increased operating costs due to business disruptions; loss of revenues from prospective Givens customers who would have otherwise purchased products and services; and the costs of investigating Defendants LONGWELL, NEUMANN wrongful conduct.

46. LONGWELL, NEUMANN conduct has also caused irreparable injury to Plaintiff's goodwill and reputation and in increased risk of harm to public safety, injuries which are and continue to be ongoing and irreparable. Plaintiff lacks an adequate remedy at law, and an award of monetary damages alone cannot fully compensate Givens for his injuries. Accordingly, Plaintiff is entitled to an injunction.

47. Furthermore, because LONGWELL, NEUMANN has continued to operate their business in a such a way that damages Plaintiff, despite these Defendants' promises that they would cease and desist all such

activity (and ongoing attempts to hide same), LONGWELL, NEUMANN conduct constitutes wanton and malicious behavior warranting punitive damages.

### COUNT III. - MISAPPROPRIATION

#### (AS TO ALL DEFENDANTS)

48. Plaintiff incorporates by reference Paragraphs 1. through 60., as if fully set forth herein.

49. Defendants LONGWELL, NEUMANN  have dishonestly took private and federally protecting information, used another's property for purpose for which it was not intended under interstate law, and that which belongs to Plaintiff, and used it for oneself, and to Defendants LONGWELL, NEUMANN, ends and means, with intent to totally destroy Plaintiff's business and business interests.

50. Plaintiff expends significant time, labor, and financial resources on developing its business and services, and in protecting this content from its competitors. Plaintiff strives to ensure that its protected and proprietary information cannot be easily duplicated without Plaintiff's prior consent.

51. Plaintiff's information and private data reflect not only the source of trade secrets, but also ever-changing level of availability of its goods and services on a particular deal. Thus, Plaintiff's information and data is sensitive.

52. Plaintiff's trade secrets and private data have substantial commercial value, particularly among Plaintiff's competitors.

Defendants LONGWELL, NEUMANN use of Plaintiff's private information and trade secret data in West Virginia and in interstate commerce constitutes free-riding on Plaintiff's labor, efforts, and resources. This wrongful act of free-riding advantages Defendants LONGWELL, NEUMANN because each Defendant, upon information and belief, is personally profiting from the use of this information. Defendants LONGWELL, NEUMANN acts also disadvantage legitimate attempts by Plaintiff and its authorized agents to use the federally protected information and private data. Because of these disadvantages, Defendants LONGWELL, NEUMANN free-riding discourages future investments in new commercial and business models and franchising of the Plaintiff.

53. As a result, Plaintiff has suffered and will continue to suffer damage to its goods, services and investment processes.

54. Furthermore, because Defendants LONGWELL, NEUMANN has continued to operate their business in a way that damages Plaintiff, despite these Defendants' promises that they would cease and desist all such activity, such Defendant's conduct constitutes wanton and malicious behavior warranting punitive damages.

### COUNT IV. - FEDERAL UNFAIR COMPETITION; VIOLATION OF FEDERALLY PROTECTED RIGHTS

#### (AS TO ALL DEFENDANTS)

55. Plaintiff incorporates by reference Paragraphs 1. through 60., as if fully set forth herein.

56. Defendant LONGWELL, NEUMANN have used threats, and otherwise attempted methods of intimidation and/or extortion against Plaintiff in acts of criminal hate, as defined under 18 U.S. Code §249, or corresponding section of federal code.  Defendants conduct wrongfully and maliciously interfered with Plaintiff's federal contract(s), with the intent to harm Plaintiff, and because of his relationship with a third party, namely the United States government, and its agencies, and to permanently stop the ability of the Plaintiff to move forward with the operations of his business, and that as a direct and proximate result of Defendant LONGWELL, NEUMANN conduct thereto. Defendant LONGWELL, NEUMANN acting solely out of malice, or by improper or illegal means, amounted to a crime, or independent injury upon the Plaintiff.

57. Defendant LONGWELL, NEUMANN have interfered with the Constitutional Rights of Plaintiff by preventing Plaintiff from petitioning the government, and for effecting redress of his grievances, and have orchestrated a systematic campaign to prevent Plaintiff from reporting and enforcing those Rights over the course of these many months by act, threat, or intimidation.

58. Plaintiff has suffered, and continues to suffer, and is entitled to recovery, and appropriate remedy and damages.

## COUNT V. — DAMAGES

### (AS TO ALL DEFENDANTS)

59. Plaintiff incorporates by reference paragraphs 1 through 60., as if fully set forth herein.

Plaintiff Givens prays that the Court enter judgment in its favor and against Defendants LONGWELL, NEUMANN, and award Plaintiff the following relief: general, compensatory, and special damages in the amount of *Three-Hundred Eighty Nine Thousand Dollars* ($ 389,000.00); plus *Five Hundred Seventy Six Thousand Dollars* ($ 576,000.00) in total damages;

(i) Temporarily enjoin LONGWELL, NEUMANN, from tortuously interfering with Plaintiff's business and contracts; (ii) permanently enjoin LONGWELL, NEUMANN,  from tortuously interfering with Plaintiff's business and contracts; (iii) award damages in Plaintiff's favor and against LONGWELL, NEUMANN, in excess of $75,000; (iv) award punitive damages in Plaintiff's favor and against LONGWELL, NEUMANN,, because of such Defendant's wanton and malicious conduct; (v) award Plaintiff its costs; and (vi) grant such other or further relief as the Court deems just and equitable.


NOTICE TO THE COURT: IF ANYTHING SHOULD BEFALL THE PLAINTIFF, HIS BUSINESS, OR FAMILY, DURING THE COURSE OF THIS CASE, THE DEFENDANTS HEREIN NAMED ARE DIRECTLY RESPONSIBLE FOR SUCH ACTS.

WHEREFORE, Plaintiff, GREG GIVENS, prays for RELIEF and JUDGMENT against Defendants.

RESPECTFULLY SUBMITTED,

Dated: 12th day of August, 2022

GREG GIVENS,
Pro se, Plaintiff
P.O. Box 117
Shadyside, OH 43906

Federal Complaint

| DATE | DOCUMENT ID | DESCRIPTION | FILING | EXPED | PENALTY | CERT | COPY |
|------|-------------|-------------|--------|-------|---------|------|------|
| 10/17/2016 | 201628601388 | DOMESTIC FOR PROFIT LLC - ARTICLES OF ORG (LCP) | 99.00 | 0.00 | 0.00 | 0.00 | 0.00 |

## Receipt

This is not a bill. Please do not remit payment.

ADVENTURE NOVELTY ASSOCIATION
3735 HIGHLAND AVENUE
SHADYSIDE, OH 43947

# STATE OF OHIO
## CERTIFICATE

### Ohio Secretary of State, Jon Husted
### 3949688

It is hereby certified that the Secretary of State of Ohio has custody of the business records for

**AMERICAN ENTERPRISE ACQUISITIONS, LLC**

and, that said business records show the filing and recording of:

Document(s)                                                    Document No(s):
**DOMESTIC FOR PROFIT LLC - ARTICLES OF ORG**                  **201628601388**
    **Effective Date:  10/12/2016**

Witness my hand and the seal of the Secretary of State at Columbus, Ohio this 17th day of October, A.D. 2016.

*Jon Husted*

**Ohio Secretary of State**

United States of America
State of Ohio
Office of the Secretary of State

## CERTIFICATE OF SERVICE

The undersigned, certifies that a copy of the foregoing was served upon Clerk, Plaintiff's Complaint will be served upon the following, or an agent thereof, in accordance with Federal Rules of Civil Procedure, and that a notice as certifying the same be filed upon service, upon the following person(s):

JOHN LONGWELL

901 WARWOOD AVENUE

WHEELING, WV 26003,


H.E. NEUMANN CO. /

JOHN D. LONGWELL

100 MIDDLE CREEK ROAD

TRIADELPHIA, WV 26059

                              Respectfully submitted,

                                 Dated: 12th day of August, 2022



                              _____
                              GREG GIVENS,
                              Pro se, Plaintiff
                              P.O. Box 117
                              Bellaire, OH 43906